IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CLIFFORD AKANA, #A0157082, | ) | CIVIL NO. 12-00681 LEK-RLP |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DENY AMENDED PETITION FOR |
| vs. | ) | WRIT OF HABEAS CORPUS |
| | ) | |
| T. THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Before the court is *pro se* Petitioner Clifford Akana's amended petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Amended Petition"). ECF No. 6. Akana challenges his judgment of conviction and sentence filed in the Circuit Court of the First Circuit ("circuit court"), State of Hawaii, on September 23, 2010. Respondent filed his Answer on May 17, 2013. ECF No. 12. Akana failed to file a Reply. As discussed below, the court FINDS and RECOMMENDS that the Amended Petition be DENIED.

BACKGROUND

In 2002, Akana entered unconditional guilty pleas in the circuit court to six counts of Sexual Assault in the First Degree, in violation of Hawaii Revised Statutes Section 707-730(1)(b); eighteen counts of Sexual Assault in the Third Degree, in violation of Hawaii Revised Statutes Section 707-732(1)(b); and one count of Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes Section

707-716(1)(d). On January 22, 2003, the circuit court sentenced Akana to extended terms of imprisonment on all counts and entered judgment. See State v. Akana, No. CAAP-10-0000061, 2011 WL 4426891, at *1 (Haw. Ct. App. Sept. 22, 2011); ECF No. 12-27 PageID # 693-694. The Hawaii Supreme Court affirmed Akana's conviction and sentence on direct appeal on March 4, 2005. See State v. Akana, No. 25647, 2005 WL 504052 (Haw. 2005).

On August 13, 2008, Akana filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody pursuant to Hawaii Rules of Penal Procedure Rule 40 ("Rule 40 Petition"). Akana alleged that, pursuant to State v. Maugaotega, 168 P.3d 562 (Haw. 2007), his extended term sentence was unconstitutional. See also, Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004). The circuit court granted Akana's Rule 40 Petition and ordered a jury trial to determine the State's Motion for Extended Term of Imprisonment. See Akana, 2011 WL 4426891, at *1; ECF No. 12-27 PageID # 694.

On September 23, 2010, a jury found that Akana was a multiple offender and that an extended term of imprisonment was necessary for the protection of the public. The circuit court entered judgment and imposed concurrent extended term sentences. Akana appealed, raising four grounds for relief:

> (1) He was precluded from presenting an adequate defense when the circuit court denied his Ex-Parte Motion

>     for Investigative Funds (Motion for Funds) to retain a
>     forensic psychologist.
>
>         (2) The circuit court erred when it denied his oral
>     motion to dismiss because there was insufficient evidence
>     of factors to support an extended term of imprisonment
>     for protection of the public.
>
>         (3) Jury Instructions 27 through 31 were erroneous
>     or irrelevant.
>
>         (4) The circuit court improperly admitted into
>     evidence his prior conviction.

Akana, 2011 WL 4426891, at *1; ECF No. 12-27 PageID # 694-695.

On September 22, 2011, the Hawaii Intermediate Court of Appeals ("ICA") affirmed Akana's extended term sentences. Akana, 2011 WL 4426891, at *2-*4; ECF No. 12-27 PageID # 695-699.  On February 1, 2012, the Hawaii Supreme Court denied Akana's application for *certiorari*.  State v. Akana, No. SCWC-10-0000061, 2012 WL 313583 (Haw. 2012); ECF No. 12-29.

Approximately ten months later, on December 14, 2012, Akana filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  Before the court is Akana's Amended Petition, which raises the following grounds for relief:  (1) the court violated his right to due process by denying him funds to present a forensic psychologist; (2) the State failed to prove beyond a reasonable doubt the necessary elements under Hawaii Revised Statutes Section 706-662(4) and Section 706-606 to support an extended term of imprisonment; (3) the court improperly admitted evidence of his prior conviction; and (4)

Jury Instruction 27 was erroneous. See Am. Pet., ECF No. 6 PageID # 28-33. Akana requests that the Court vacate the extended term and remand for new extended term proceedings. Id. PageID # 38. Respondent argues that the Amended Petition should be dismissed because Akana's claims are without merit. See Answer, ECF No. 12.

## DISCUSSION

"Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court; or that it 'involved an unreasonable application of' such law; or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court." Harrington v. Richter, --- U.S. ---, 131 S. Ct. 770, 785 (2011) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)) (internal citations modified); 28 U.S.C. § 2254. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

A state court's decision is "contrary to" clearly established law if it "applies a rule that contradicts the governing law" set forth in United States Supreme Court cases, or

if it "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from . . . precedent."  Williams, 529 U.S. at 405-06.  Although the source of clearly-established federal law is limited to Supreme Court cases, circuit law may be considered to determine whether a particular application is unreasonable or whether the law is "clearly established."  See Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000).

A state court's decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 413.  In order to constitute an "unreasonable application" the state court decision must be more than just incorrect or erroneous.  Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  The state court's application of federal law must be "objectively unreasonable."  Id.

Additionally, a state court's factual determinations "shall be presumed to be correct," on federal habeas review, and a petitioner can overcome that presumption only by "rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Bains v. Cambra, 204 F.3d 964, 972 (9th Cir. 2000).  The petitioner's burden is considerable, because "this

5

standard means that the federal habeas court must 'more than simply disagree' with the state fact-finding." Washington v. Schriver, 255 F.3d 45, 55 (2nd Cir. 2001) (quoting Marshall v. Lonberger, 459 U.S. 422, 432 (1983)).

> **A.   Ground One: Akana's Argument that the Court Violated His Right to Due Process by Denying Him Funds to Present a Forensic Psychologist is without Merit.**

Akana claims that he was denied due process when the circuit court did not grant his motion for investigative funds to retain the services of a forensic psychologist. Am. Pet., ECF No. 6 PageID # 28. Akana asserts that the services of a forensic psychologist were necessary to determine whether imposing on Akana an extended term of imprisonment was necessary for the protection of the public. Id. Akana contends that the jury would need to examine his past and present psychological state to make a judgment on his future dangerousness to the community. Id. Akana argues that psychological testing was necessary to obtain the requisite information about Akana to adequately challenge the extended term sentence. Id. The ICA held that because Akana failed to establish that the services of a forensic psychologist were necessary for an adequate defense, the circuit court did not abuse its discretion when it denied Akana's motion for funds. Akana, 2011 WL 4426891, at *2; ECF No. 12-27 PageID # 695-697.

In Ake v. Oklahoma, the Supreme Court held that when a

defendant makes a preliminary showing that his "sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue if the defendant cannot otherwise afford one." 470 U.S. 68, 74 (1985). However, the Court went on to note that a "defendant's mental condition is not necessarily at issue in every criminal proceeding . . . and it is unlikely that psychiatric assistance of the kind we have described would be of probable value in cases where it is not. The risk of error from denial of such assistance, as well as its probable value, is most predictably at its height when the defendant's mental condition is seriously in question." Id. at 83. Regarding sentencing, the Supreme Court stated that the right of access to a competent psychiatrist applies "in the context of a capital sentencing proceeding, when the State presents psychiatric evidence of the defendant's future dangerousness." Id. In determining that Ake's future dangerousness was a significant factor at the sentencing phase, the Supreme Court noted that the "state psychiatrist who treated Ake at the state mental hospital testified at the guilt phase that, because of his mental illness, Ake posed a threat of continuing criminal violence" and the prosecutor relied on that testimony at sentencing to demonstrate Ake's future dangerousness. Id. at 86. The Supreme Court concluded that Ake

was entitled to the assistance of a psychiatrist and the denial of that assistance deprived him of due process. Id. at 86-87.

Here, even assuming that the principles of Ake apply outside the context of a capital sentencing proceeding, the State did not present any psychiatric evidence regarding Akana or rely on any expert mental health testimony in proving that an extended term was necessary for the protection of the public. See Akana, 2011 WL 4426891, at *2; ECF No. 12-27 PageID # 695-697. Akana made no initial showing that his mental state was a "significant factor" or "seriously in question" at sentencing. See Ake, 470 U.S. at 83. In proving that an extended term was necessary for the protection of the public, the State relied on evidence of Plaintiff's prior conviction for sexual assault. See Akana, 2011 WL 4426891, at *2; ECF No. 12-27 PageID # 695-697. The ICA noted that Akana did not need expert testimony because the State had made it clear that it did not intend to offer expert testimony. Id. The ICA also observed that the court, not the jury, was required to consider "the history and characteristics of the defendant," but under Hawaii law, the court was not required to orally address that factor at sentencing. Id. Based on the fact that the State did not present any psychiatric evidence regarding Akana, the Court finds that the ICA's determination on this issue was neither contrary to nor an objectively unreasonable application of clearly established federal law. See Richter, 131

S. Ct. at 785.  This court FINDS that Akana's argument that the State violated his right to due process by denying him funds to present a forensic psychologist is without merit and RECOMMENDS that Ground One be DENIED.

      **B.    Ground Two: Akana's Argument that the Court Abused its Discretion in Denying Akana's Motion to Dismiss Due to Insufficient Evidence to Support an Extended Term of Imprisonment is without Merit.**

      Akana claims that the circuit court's failure to grant his motion to dismiss due to insufficient evidence to support an extended term of imprisonment was an abuse of discretion.  Am. Pet., ECF No. 6 at PageID # 30.  Akana claims that the State failed to prove all the necessary elements under Hawaii Revised Statutes Sections 706-662(4) and 706-606, and that failure to prove these elements beyond a reasonable doubt required dismissal of the extended term petition.  Id.

      When presented with an insufficiency of the evidence claim on habeas review, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Sufficiency claims are judged by the elements defined by state law.  Id. at 324, n.16.  This inquiry does not require the federal habeas court to substitute its own judgment for that of the trier of fact.  Id. at 318-19; Juan H. v. Allen, 408 F.3d

1262, 1278 n.14 (9th Cir. 2005) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The district court should look to state law to establish the elements of the crime, "and then turn to the federal question of whether the [state court] was objectively unreasonable in concluding that" sufficient evidence supported the conviction. Id.

Under Hawaii Revised Statutes Section 706-662, a defendant is eligible for an extended term of imprisonment if the State proves beyond a reasonable doubt that an extended term of imprisonment is necessary for the protection of the public and that the defendant is being sentenced for two of more felonies. See Haw. Rev. Stat. § 706-662(4)(a). The State satisfied the element that the defendant be sentenced for two or more felonies because Akana was being sentenced for 25 felony counts. Akana, 2011 WL 4426891, at *1; ECF No. 12-27 PageID # 693. To prove that an extended term is necessary for the protection of the public, the State presented the jury with evidence of Akana's prior sexual assault conviction "where Akana approached a girl on the beach, knelt near her with his penis exposed, showed her a rock in his hand, and commanded her to 'suck my dick or I'll hit you with a rock.' She threw sand in his eyes, and he responded by hitting her on the head five times with the rock." Akana, 2011 WL 4426891, at *2; ECF No. 12-27 PageID # 697. The ICA held

that this evidence was sufficient for the circuit court to deny Akana's motion to dismiss.  Id.

The ICA's analysis of Akana's sufficiency of the evidence claim was not contrary to nor an unreasonable application of clearly established federal law.  Although it did not cite the Supreme Court's ruling in Jackson, the ICA's decision was consistent with the principles set forth in Jackson.  The ICA carefully addressed Akana's sufficiency of the evidence claim in light of the elements required to prove that Akana was eligible for an extended term of imprisonment.  The ICA reviewed the evidence, drew all inferences in favor of the prosecution, and held that the evidence was sufficient to show that an extended term of imprisonment was necessary for the protection of the public.  This holding necessarily incorporated the Jackson inquiry and implies a finding that a rational trier of fact could have found the essential elements of Hawaii Revised Statutes Section 706-662 beyond a reasonable doubt.

The Court FINDS that the evidence was sufficient for the jury to find that an extended term of imprisonment was necessary for the protection of the public beyond a reasonable doubt, and that the ICA's determination of this issue was neither contrary to nor an unreasonable application of federal law.  The Court RECOMMENDS that Ground Two be DENIED.

**C.   Ground Three:  Akana's Argument that the State Court Improperly Admitted Evidence of His Prior Conviction is**

11

**without Merit.**

      Akana asserts that the fact of his prior conviction was improperly admitted into evidence because it was more prejudicial than probative. Am. Pet., ECF No. 6 PageID # 31. Akana's prior conviction occurred in 1984, and Akana served two years for that offense. See Answer, ECF No. 12-1, PageID # 72-76, 88. The evidence of his prior conviction "was admitted to establish that he presented a danger to the public." Akana, 2011 WL 4426891, at *3; ECF No. 12-27 PageID # 699. The ICA held that evidence of a prior conviction is admissible when it is relevant and its probative value outweighs its prejudicial value. Id. The ICA determined that the circuit court did not abuse its discretion when it admitted evidence of Akana's prior conviction to assist the jury in determining whether or not Akana presented a danger to the public. Id.

      To the extent Akana intends to raise issues of state law concerning admission of evidence in his present petition, these issues are not cognizable in federal habeas corpus proceedings. Absent some constitutional violation, a violation of state law does not provide a basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Erroneous state evidentiary rulings implicate the federal Constitution only if the admission of the evidence violated Akana's due process right to a fair trial. See id. Akana must show that the court's

ruling was so prejudicial that it rendered his trial fundamentally unfair. Id. "Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process." Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991).

Neither the Hawaii Rules of Evidence nor the Federal Rules bar evidence of prior convictions if the evidence is not introduced to prove character, but only to prove the elements of the case, i.e., that an extended term of imprisonment was necessary for the protection of the public. See Fed. R. Evid. 403 & 404; Haw. R. Evid. 403 & 404; Fed. R. Evid. 609 (providing certain limits on using evidence of prior criminal convictions after 10 years if the evidence is used for impeachment). As noted by the ICA, Akana had already been convicted of the felonies that were the subject of this case, so the evidence of his prior conviction was admitted to show that an extended sentence was necessary for the protection of the public. See Akana, 2011 WL 4426891, at *3; ECF No. 12-27 PageID # 699. Accordingly, it was entirely permissible for the jury to make this inference from the evidence of his prior conviction. The ICA's determination on this issue was neither contrary to nor an objectively unreasonable application of clearly established federal law. See Richter, 131 S. Ct. at 785. This Court FINDS that Akana's prior conviction was properly admitted into evidence

and RECOMMENDS that Ground Three be DENIED.

**D.  Ground Four: Akana's Argument that Jury Instruction 27 was Erroneous Because it Made Optional Findings Which Should Have Been Obligatory is without Merit.**

Akana contends that the court stated an incorrect burden of proof in Jury Instruction 27 when it instructed the jury that they "may consider" the factors listed in Hawaii Revised Statutes Section 706-606.  Am. Pet., ECF No. 6 PageID # 33.  Akana asserts that these factors must be proved beyond a reasonable doubt.  Id.  The ICA disagreed, holding that the factors listed in Section 706-606 are for the judge to consider when imposing an extended sentence after the jury finds that the defendant is eligible for an extended term of imprisonment under Section 706-662.  Akana, 2011 WL 4426891, at *3; ECF No. 12-27 PageID # 698.  Under Section 706-662, the facts necessary to impose an extended term of sentence must be proven beyond a reasonable doubt.  Id.  The ICA determined that there was no error in instructing the jury that they could consider the sentencing factors listed in Section 707-606, but there was no requirement that they do so.  Id.

As an initial matter, as noted by the ICA, Akana failed to object to Jury Instruction 27 in the circuit court.  Akana, 2011 WL 4426891, at *2; ECF No. 12-27 PageID # 698-699.  Even assuming Akana had objected below, the Court finds that this argument lacks merit.  In determining an assertion of improper

14

jury instruction on a writ of habeas corpus, the only question before the court is "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'"  Estelle, 502 U.S. at 72 (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)).  "[T]he instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record."  Id. (quoting Cupp, 414 U.S. at 147).  The ICA's determination regarding Instruction 27 was neither contrary to nor an unreasonable application of federal law.  Although the ICA did not cite Estelle and its progeny, the ICA's decision was consistent with the principles set forth in Estelle.  The ICA carefully addressed Akana's jury instruction claim and determined that the instruction given was correct.  This holding necessarily incorporated Estelle's inquiry and implies a finding that based on the entire record there was no violation of due process.

Additionally, this Court must defer to the ICA's determination that Jury Instruction 27 was sufficient.  See Engle v. Isaac, 456 U.S. 107, 119–21, n.21 (1982) (stating that a challenge to the correctness of self-defense instruction under state law provides no basis for federal habeas relief).  This court lacks the authority to grant habeas relief on Akana's challenge to Jury Instruction 27 because the manner in which the state court interprets its own law is an issue of state law.  28

15

U.S.C. § 2254; Hendricks v. Vasquez, 974 F.2d 1099, 1107 (9th Cir. 1992); Mitchell v. Goldsmith, 878 F.2d 319, 324 (9th Cir. 1989) (finding that habeas corpus relief was unavailable for petitioner's claim that jury instructions did not comply with state law).

The ICA's determination that Jury Instruction 27 was properly given was neither contrary to nor an objectively unreasonable application of clearly established federal law. See Richter, 131 S. Ct. at 785. This court FINDS that Ground Four lacks merit and RECOMMENDS that it be DENIED.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, requires the district court to issue or deny a certificate of appealability ("COA"), when it enters a final order that is adverse to a petitioner challenging a state court conviction or sentence. See also, 28 U.S.C. § 2253(c)(1). The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a constitutional claim is rejected on its merits, "The petitioner must demonstrate that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If these findings and recommendations are adopted by the district court, that decision will be on its merits for Grounds

One, Two, Three, and Four.  This court finds that reasonable jurists would not find the denial of Grounds One, Two, Three, and Four was debatable or wrong.  Accordingly, this court RECOMMENDS that a certificate of appealability be DENIED.

### CONCLUSION

This court FINDS that Akana's Amended Petition is without merit as to Grounds One, Two, Three, and Four.  The court RECOMMENDS that the Amended Petition be DENIED.  The court further RECOMMENDS that a certificate of appealability be DENIED.

IT IS SO FOUND AND RECOMMENDED.

### NOTICE

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule 74.2.  If an objection is filed, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."  A copy of the objection shall be served on all parties.

DATED AT HONOLULU, HAWAII JULY 11, 2013.

_____
Richard L. Puglisi
United States Magistrate Judge

**AKANA V. THOMAS, CIVIL NO. 12-00681 LEK-RLP; FINDINGS AND RECOMMENDATION TO DENY AMENDED PETITION FOR WRIT OF HABEAS CORPUS**